UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELISSA YARBER, individually and as personal representative of the estate of JENNIFER LYNN DeARMON, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>VINAY K. MEHTA, M.D., ROGER WATTERS, M.D., HARRISBURG FAMILY PRACTICE, LTD. d/b/a PRIMARY CARE GROUP, and HARRISBURG MEDICAL CENTER, INC.,<br><br>    Defendants. | Case No. 06-cv-1018-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motions to dismiss (Docs. 8 & 9) filed by defendants Vinay K. Mehta, M.D., Roger Watters, M.D., and Harrisburg Family Practice, Ltd. The motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and challenges the Court's subject matter jurisdiction to hear this case. Plaintiff Melissa Yarber ("Yarber") has responded to the motions (Doc. 18), and the moving defendants have replied to Yarber's response (Doc. 19).

The issue before the Court is whether diversity subject matter jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that opposing parties be completely diverse, that is, that no plaintiff shares a common citizenship with a defendant.[1] *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613 (2005). In this case, all parties agree that the defendants are all citizens of Illinois and

---

[1] No party disputes that the jurisdictional minimum amount in controversy requirement is satisfied.

that Yarber, in her individual and representative capacities, is a citizen of Missouri. *See* 28 U.S.C. § 1332(c)(2). Thus, as to the named parties, complete diversity exists.

The defendants argue, however, that diversity depends not only on the citizenship of the parties named in this suit but also on the citizenship of the statutory beneficiaries under the applicable wrongful death act, which it believes is the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*. Thus, they argue, the complaint must plead the identity and citizenship of all statutory beneficiaries. They believe that one of those beneficiaries – the decedent's brother, an Illinois citizen – destroys diversity jurisdiction.

In support of their position, the defendants rely primarily on *Wilsey v. Eddingfield*, 780 F.2d 614 (7th Cir. 1985). In *Wilsey*, the Court of Appeals reaffirmed that "'the citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction.'" *Id.* at 615 (quoting *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 32 (7th Cir. 1979)). The Court further noted that under the Illinois Wrongful Death Act, the administrator of an estate was not a real party in interest because, although she was able to manage the litigation, the administrator's duties were nominal. *Wilsey*, 780 F.2d at 617; *see Betar*, 603 F.2d at 35. Thus, the statutory beneficiaries under the Illinois Wrongful Death Act were the real parties in interest, and their citizenships determined whether diversity jurisdiction existed. *Wilsey*, 780 F.2d at 616 (citing *Betar*, 603 F.2d at 35). The personal representative's citizenship, that is, his domicile, was irrelevant. *Wilsey*, 780 F.2d at 616. In *Wilsey*, the Court of Appeals concluded that federal courts did not have diversity subject matter jurisdiction over a case brought by the non-Illinois personal representative of an estate where a beneficiary and the defendants were Illinois citizens. *Id.* at 615.

The defendants' position might have been meritorious had this lawsuit been filed before

the 1988 amendments to 28 U.S.C. § 1332.  Those post-*Wilsey* amendments added § 1332(c)(2), which states in pertinent part that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  The defendants argue that this statutory provision does not *foreclose* finding that the beneficiaries' citizenships are relevant in accordance with *Wilsey*.  However, where a statute such as § 1332(c)(2) is unambiguous about how citizenship is determined for diversity jurisdiction purposes, it is not amenable to judicial enlargement.  *See Lincoln Prop. Co.*, 126 S. Ct. at 616 (refusing to enlarge corporate citizenship under § 1332(c)(1) beyond the terms of the statutory provision).  Thus, after enactment of § 1332(c)(2), it is clear that the decedent's domicile, not the beneficiaries' or the personal representative's, is relevant for diversity purposes, and in the case of estates of deceased persons, *Wilsey* is no longer good law on this point.  Indeed, in an unpublished opinion, the Court of Appeals for the Seventh Circuit has dismissed the discussion of the issue as outdated in light of § 1332(c)(2).  *See Khalil v. Town of Cicero*, No. 89-3354, 1990 WL 157082 at *1 (7th Cir. Oct. 15, 1990) ("Now that Congress has enacted a new version of 28 U.S.C. § 1332, it is inappropriate to revisit the subject.").

The parties to this lawsuit are completely diverse.  The Court therefore has subject matter jurisdiction under 28 U.S.C. § 1332(a) to hear this case and **DENIES** the defendants' motions to dismiss (Docs. 8 & 9).  The Court leaves to another day the decision whether the Illinois or Missouri wrongful death statute applies to this case.

**IT IS SO ORDERED.**
**DATED:  April 18, 2007**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**