UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELISSA YARBER, individually and as
personal representative of the estate of
JENNIFER LYNN DeARMON, deceased,

Plaintiff,

v.

VINAY K. MEHTA, M.D., ROGER WATTERS,
M.D., HARRISBURG FAMILY PRACTICE,
LTD. d/b/a PRIMARY CARE GROUP, and
HARRISBURG MEDICAL CENTER, INC.,

Defendants.

Case No. 06-cv-1018-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for summary judgment on Counts I, II and V (wrongful death counts) filed by defendants Harrisburg Family Practice, Ltd. d/b/a Primary Care Group ("Primary Care") and Vinay K. Mehta, M.D. ("Dr. Mehta"; misnamed in the complaint at Vinay K. Metha, M.D.) (Doc. 67). Plaintiff Melissa Yarber ("Yarber") has responded to the motion (Doc. 71), and Primary Care and Dr. Mehta have replied to that response (Doc. 73).

As a preliminary matter, the Court notes that Counts III and V have been dismissed without prejudice since the summary judgment motion was filed. Therefore, the Court will construe the pending motion to be directed only at Count I, Yarber's wrongful death claim against Dr. Mehta and Primary Care.

**I.      Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

## II.     Facts

The determination of the facts in this case is complicated by the fact that neither party chose to set forth the facts in their filings on the motion. The Court has reviewed the filings and believes they assume the following facts, viewed in Yarber's favor, for the purposes of this

motion.

On December 15, 2004, Jennifer Lynn DeArmon ("DeArmon"), Yarber's daughter, was admitted to the Harrisburg Medical Center. About two weeks after her admission, on December 29, 2004, Dr. Mehta operated on DeArmon to insert an intravenous catheter, and Primary Care apparently provided some medical services in connection with the operation. Dr. Mehta was negligent when performing the surgery and its follow up, and DeArmon was injured as a result (perforated superior vena cava and right lung). The following day, DeArmon was transferred to Deaconess Hospital, but Dr. Mehta and Primary Care did not adequately inform Deaconess about DeArmon's condition. As a consequence, DeArmon arrived at Deaconess in distress of various sorts.

On July 31, 2005, DeArmon died at home. An autopsy performed by Dr. Richard L. Payne ("Dr. Payne") determined that the cause of death was "chronic pain treated by analgesics, followed by toxic blood levels of Propoxyphene (Darvon) and Promethazine (Phenergan), followed by respiratory depression and death."

**III.   Analysis**

Under Illinois law, to prevail on a medical negligence claim like the wrongful death claim in Count I, the plaintiff must prove "(1) the proper standard of care for the defendant physicians; (2) an unskilled or negligent failure to comply with the appropriate standard; and (3) a resulting injury proximately caused by the physicians' failure of skill or care." *Jinkins v. Evangelical Hosps. Corp.*, 783 N.E.2d 123, 126-27 (Ill. App. Ct. 2002); *accord Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir. 2008). These elements generally must be established through expert testimony since laypersons are not normally qualified to evaluate professional medical conduct. *Addison v. Whittenberg*, 529 N.E.2d 552, 556 (Ill. 1988); *see Wipf*, 519 F.3d

3

at 384.  Demonstrating proximate cause requires expert testimony to a reasonable degree of medical certainty that the defendant's negligence proximately caused the plaintiff's injury or, in this case, her death.  *See Henderson v. Sheahan*, 196 F.3d 839, 852 (7th Cir. 1999) (citing *Wintz By and Through Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997)).

Dr. Mehta and Primary Care ask the Court to grant summary judgment on Yarber's wrongful death cause of action because Yarber has no expert testimony that their wrongful conduct proximately caused DeArmon's death.  The defendants note that none of the three expert witnesses disclosed by Yarber have an opinion to a reasonable degree of medical certainty that the defendants' conduct caused or contributed to DeArmon's death.  Yarber, on the other hand, concedes that two of her experts have no opinion about the cause of DeArmon's death.  However, she argues that Dr. Payne's testimony is sufficient to establish a causal connection from which a jury could find the defendants liable.  She argues that the chemicals Dr. Payne found in toxic levels in DeArmon's blood (Darvon and Phenergan) and determined to be the cause of her death were prescribed in treatment of injuries caused by Dr. Mehta's negligence.  To the extent that Dr. Payne's report does not contain the express opinion that Dr. Mehta's conduct proximately caused DeArmon's death, Yarber asks for permission to supplement his report.

Dr. Mehta and Primary Care are entitled to summary judgment on Count I because Yarber has not presented any expert testimony that Dr. Mehta's conduct was the proximate cause of DeArmon's death.  Death causation is an area unfamiliar to most laypersons, so expert testimony is required to establish that element of a medical negligence claim.  Dr. Payne gives an expert opinion on the cause of death but in no way relates DeArmon's death to the conduct of Dr. Mehta or Primary Care.  While the plaintiff's attorneys speculate that had Dr. Mehta not

4

botched the surgery, DeArmon would not have been on the drugs that eventually caused her death, there is simply no evidence, much less expert testimony, in the record before the Court to support such speculation.  It is Yarber's job to present evidence of this chain of events;  it is not the Court's function to "scour the record in search of evidence to defeat a motion for summary judgment."  *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).  In the absence of an expert opinion that Dr. Mehta's or Primary Care's conduct proximately caused DeArmon's death or any other evidence tying Dr. Mehta's conduct to DeArmon's death, the defendants are entitled to summary judgment.

Yarber asks the Court, as an alternative to granting summary judgment, to allow her to amend Dr. Payne's expert report to include the required proximate causation statement.  To the extent this is a request for leave to supplement Dr. Payne's expert report, Yarber does not need the Court's permission.  *See* Fed. R. Civ. P. 26(a)(2)(D) & 26(e)(2).  If she can obtain such a statement, she should have done it long ago.

To the extent Yarber requests a continuance before the Court rules on the summary judgment motion, the request has no merit.  Rule 56(f) gives the Court discretion to order a continuance to enable the party opposing a motion for summary judgment to obtain facts essential to oppose the motion.  Fed. R. Civ. P. 56(f)(2).  "A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits.  The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court."  *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (footnote and citation omitted);  *accord Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000).

Yarber has not submitted an affidavit – an error which could be overlooked by the Court

– but more importantly she has not explained to the Court why, exercising due diligence, she could not have obtained the needed supplemental expert opinion before she filed her summary judgment response on September 9, 2008. In the absence of an explanation of the reasons Yarber was unable to obtain and submit the necessary materials in a timely manner despite diligent efforts, the Court will not extend the time for her response so that she can obtain and submit them now.

## IV. Conclusion

As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life of a case." *AA Sales & Assoc. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008). In this case, Yarber has simply failed to "put up" evidence from which a reasonable jury could find a causal connection between Dr. Mehta's conduct and DeArmon's death. The autopsy report alone is not enough. Now, the Court is left with no choice but to grant summary judgment to Dr. Mehta and Primary Care on Count I.

For this reason, the Court **GRANTS** the motion for summary judgment on Count I filed by Dr. Mehta and Primary Care (Doc. 67) and **DIRECTS** the Clerk of Court to enter judgment on Count I in favor of those defendants at the close of the case. Only Count II against Dr. Mehta and Primary Care remains for trial.

**IT IS SO ORDERED.**
**DATED: February 13, 2009**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**